# Exhibit N



The NCAA national office continues to receive numerous questions about the application of NCAA legislation and the Name, Image and Likeness (NIL) Interim Policy when various state laws address NIL in different and sometimes contrary ways. The NCAA Division I Board of Directors emphasized the need to publish additional guidance as needed to assist institutions in complying with rules prohibiting pay-for-play or improper recruiting inducements in connection with NIL activity. The Association has been clear and maintains that schools must adhere to NCAA legislation (or policy) when it conflicts with permissive state laws. In other words, if a state law permits certain institutional action and NCAA legislation prohibits the same action, institutions must follow NCAA legislation.

In an effort to facilitate more stability in an ever evolving and often confusing national environment, the national office developed summaries of how NCAA regulations have been applied to various scenarios posed by the membership. While the questions and answers below are based on actual circumstances, they have been altered for brevity and clarity.

**Question No. 1:** It is clear that institutions may not compensate a student-athlete for use of NIL. Is it permissible for an entity closely associated with an institution to compensate student-athletes for use of their NIL?

**Answer:** No. Institutions may not use NIL transactions to compensate student-athletes for athletics participation or achievement or as an improper inducement. Any entity that is so closely aligned with an institution that it is viewed as an extension of the university is subject to the same NIL scrutiny as the institution and must adhere to NCAA rules and policy. This includes the prohibition on compensating student-athletes for use of their NIL. Further, institutions are accountable for such entities since they meet the NCAA's definition of a booster - even if the group is formed as a separate 501(c)(3).

**Question No. 2:**  Are boosters or a collection of boosters permitted to have contact with prospective student-athletes (PSA) and discuss potential NIL opportunities should the individual decide to attend a particular school?

**Answer:** No. A booster or collection of boosters is not permitted to engage in recruiting activities, including recruiting conversations. When a booster's interaction with a PSA includes encouraging the PSA to attend an institution, NCAA rules have been violated.

**Question No. 3:** Is it permissible for an institution to provide special benefits to boosters in return for the booster donating funds to a collective?

**Answer:** No. Institutions may not provide assets (e.g., tickets, suite access, club seating) to a donor as an incentive for providing funds to the NIL entity.

**Question No. 4:** Is it permissible for an individual or collection of individuals

to condition payment of NIL compensation on a student-athlete's attendance at a particular school?

**Answer:** No. NIL compensation may not be contingent upon enrollment at a particular school. In addition, NIL compensation may not be contingent upon residency in a certain location simply to circumvent this standard.

**Question No. 5:** It is clear student-athletes may not be compensated for participating in a competition and may not be compensated for promoting such competition. Is it permissible for an event sponsor or another institution to pay a collective, which, in turn, compensates student-athletes?

**Answer:** No. It is impermissible for student-athletes to receive compensation directly or indirectly for participating in an athletics competition. As a result, events operators, event sponsors and institutional opponents may not pay an NIL entity (e.g., collective) for a competition in which student-athletes participate. Further, an institution may not provide direct compensation to student-athletes related to NIL activities nor may an institution share revenue with student-athletes. Finally, an athletics department staff member (or entity acting on behalf of the athletics department) is prohibited from representing enrolled student-athletes for NIL deals, including securing and negotiating deals on behalf of the student-athlete.

**Question No. 6:** Some current and proposed state laws appear to now prohibit the NCAA from enforcing its rules. What is the NCAA's position on its approach when an institution in one of those states violates NCAA legislation?

**Answer:** NCAA rules are adopted by member schools. It is not fair to those schools who follow the rules to not enforce rules against those who choose not to do so. Schools who do not like the application of a particular rule should work through the NCAA governance process to change the rule. Unless and until the membership changes a particular rule, all schools, as part of a voluntary membership, are required to comply.

---

*This email was sent to the NCAA athletics directors, conference commissioners, presidents and chancellors, senior compliance administrators, sports information directors, student-athlete affairs administrators and senior woman administrators in Division I based on contact information in the NCAA Directory; as well as select NCAA staff.*